<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MUHAMMAD SHAHID, | : | Hon. Robert B. Kugler |
| Petitioner, | : | Civil No. 06-6159 (RBK) |
| v. | : | <u>OPINION</u> |
| PAUL M. SCHULTZ, | : | |
| Respondent. | : | |

**APPEARANCES:**

    MUHAMMAD SHAHID, #40655-050
    U.S.P. Hazelton
    P.O. Box 2000
    Bruceton Mills, West Virginia 26525
    Petitioner <u>Pro</u> <u>Se</u>

    SUSAN J. STEELE, ASSISTANT UNITED STATES ATTORNEY
    CHRISTOPHER J. CHRISTIE, UNITED STATES ATTORNEY
    970 Broad Street
    Newark, New Jersey 07102
    Attorney for Respondents

<u>**KUGLER**</u>, District Judge

    Petitioner Muhammad Shahid filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the execution of his federal sentence by the Bureau of Prisons ("BOP").[1] The BOP filed an Answer seeking dismissal of the Petition as unexhausted and on the merits. Petitioner filed a motion for summary judgment and a Reply, in which he asserts that the BOP misunderstood his request for relief. For the reasons expressed below, this Court will

---

[1] Petitioner was incarcerated at FCI Fairton in New Jersey when he filed the Petition.

dismiss the Petition without prejudice for failure to exhaust administrative remedies available before the BOP, and deny the motion for summary judgment as moot.

## I.  BACKGROUND

The Petition appears to challenge the failure of the BOP to give Petitioner credit against his 135-month federal sentence for 899 days (29.97 months), which he served prior to the imposition of his federal sentence and which was credited against his New Jersey sentence. The essential facts are not in dispute. Petitioner was arrested by New Jersey officials on state criminal charges and taken into New Jersey custody on August 5, 2002. On December 9, 2002, this Court issued a warrant for Petitioner's arrest on federal bank robbery and other charges, and on January 19, 2003, federal authorities lodged a no-bail detainer. See United States v. Shahid, Crim. No. 04-0683 (RBK) (D. N.J. filed Sept. 29. 2005). On September 29, 2004, the United States filed an information and Petitioner waived indictment and filed a plea agreement. Id. On January 3, 2005, New Jersey officials released Petitioner to a federal detainer, and on January 4, 2005, he was taken into federal custody. On January 20, 2005, this Court imposed a 135-month term of imprisonment and three years of supervised release, based on Petitioner's guilty plea to bank robbery and carjacking on July 28, 2002. See United States v. Shahid, Crim. No. 04-0683 (RBK) judgment (D. N.J. Jan. 20, 2005). Petitioner did not file a direct appeal.

On May 10, 2005, the Superior Court of New Jersey, Law Division, Mercer County, imposed a 15-year sentence, with an 85% period of parole ineligibility, to be served concurrently with his federal sentence, based on Petitioner's plea of guilty to aggravated manslaughter.[2] See

---

[2] Petitioner appeared in the Superior Court of New Jersey pursuant to a writ of habeas corpus ad prosequendum.

State v. Shahid, Ind. #04-12-01132 judgment of conviction (N.J. Super., Law Div., May 10, 2005). The judgment gave petitioner 899 days credit for time spent in custody from August 5, 2002, and January 19, 2005 (the day before Petitioner's federal sentence was imposed by this Court.)

When the BOP initially calculated Petitioner's release date on June 20, 2005, the Bureau gave Petitioner prior custody credit for the 898 days (August 5, 2002, through Jan. 18, 2005) prior to imposition of the federal sentence on January 20, 2005.³ See Sentence Monitoring Computation Data as of 06-20-2005. By letter dated September 28, 2005, an official of the New Jersey Department of Corrections asked that the BOP lodge Petitioner's concurrent 15-year New Jersey sentence as a detainer. Upon receipt of the detainer, the BOP recalculated Petitioner's federal release date. The BOP calculated Petitioner's federal sentence under 18 U.S.C. § 3585(a) as commencing on January 20, 2005, the date of sentencing. In accordance with § 3585(b), the BOP did not give Petitioner credit for the 899 days from August 5, 2002, to January 20, 2005, because he received credit for this period against his New Jersey sentence. The BOP projects Petitioner's release date as November 6, 2014.

On February 14, 2006, Petitioner filed an informal Request for Administrative Remedy "requesting that my credits be returned to me since as stated in the law it does not effect the actual length of my sentence." (Informal Resolution dated Feb. 14, 2006.) He complained:

> On 10-18-05 I was sent a state detainer letter letting me know that
> the state had lodged a detainer on me. When I received my new
> time computation sheet I realized that I had lost 898 days of federal
> time credit. This time had been credited to me when I was first

---

³ As Petitioner was sentenced on January 20, 2005, not January 19, 2005, the use of 898 days, rather than 899 days, appears to be a clerical error.

>arrested on or about 8-5-02. I was sentenced by the federal government on 1-19-05 and all the pretrial time I had (898 days) was credited to me towards this sentence. On the new computation sheet it states that my credits have been removed due to application on state sentence. It also states that neither Willis or Kayfez credits apply. I believe this is incorrect because 18 U.S.C. § 3585(b) and <u>Kayfez v. Gasele</u>, 993 F. 2d 1288 states that "Postconviction Petitioner serving concurrent state and federal sentences was entitled to credit for all of his pre-sentence incarceration even though the time had already been credited against the state sentence since the defendant's sentences were concurrent, crediting only against the state sentence would not reduce his actual period of imprisonment."

(<u>Id.</u>)

The informal Request was denied on March 2, 2006. Petitioner filed a formal Request, which the Warden denied on March 24, 2006:

>This is in response to your Request for Administrative Remedy, received in my office on March 20, 2006, in which you allege that the Bureau of Prisons has removed prior custody credit from your sentence that you believe you are entitled to. You request your computation be updated to include the jail credit previously awarded.
>
>Your request for administrative remedy references the awarding of "Kayfez credits." As previously outlined in your request dated February 14, 2006, certain criteria must be met to receive Kayfez credits. First your non-federal and federal sentences must be concurrent. Your Raw EFT of the non-federal must be greater than the Raw EFT of the federal term. If the non-federal Raw EFT, after application of qualified non-federal pre-sentence time, is reduced to a date that is earlier than the federal Raw EFT, then a Kayfez situation exists. In your case, after application of qualified non-federal pre-sentence time, your non-federal date is not earlier than your federal Raw EFT. Accordingly, your request for administrative remedy is denied . . . .

(Warden's Response to Administrative Remedy No. 407128-F1, dated March 24, 2006.)

Petitioner appealed to the Regional Director, who affirmed the Warden's decision. Petitioner did not appeal to the Central Office. Petitioner asserts that he "concluded that any further administrative appeals would be futile, since the B.O.P. would continue to rely on the program statement [5880.23]." (Petitioner's Mem. of Law, p. 7.)

Petitioner executed the § 2241 Petition which is now before this Court on October 4, 2006. The Clerk received it on December 21, 2006, together with Petitioner's Memorandum of Law and appendix. The Petition itself sets forth the following ground and supporting facts:

> Ground One: Title 18 U.S.C. § 3585 and Kayfez v. Gasele, 993 F. 2d 1288
>
> Supporting FACTS: On July 28, 2002 the petitioner committed the instant offense. On 1-19-05 the petitioner was sentenced to 135 months in the District Court of Camden, NJ. Then on 5-9j-05 he was sentenced to a concurrent 15 year term in the Superior Court of Mercer County, NJ. Prior to the sentencing he was awarded 898 days pre-sentence jail credit (8-05-02 - 1-19-05). On 9-28-05 the NJ Dept. of Corrections lodged a detainer against the petitioner;; included in that detainer was the amount of presentence jail credit awarded against the petitioner's state sentence (899 days Aug. 05, 2002, through Jan. 18, 2005). On Oct. 18, 2005 the I.S.M. Dept. at Fairton issued the petitioner a new computation sheet which revoked the 898 days credit that was previously awarded. I.S.M. claims that "Neither Kayfez nor Willis credits apply" and that the B.O.P. program statement 5880.28 prevents them from granting the credit. On April 4, 2006, the petitioner ceased pursuing the exhaustion of his administrative remedies, on the basis that any further application for administrative review would be futile because of the program statement. The petitioner seeks to challenge the B.O.P.'s conclusion that, through 28 U.S.C. § 2241, that Kayfez credits do apply; that the program statement inaccurately interprets the Kayfez decision by limiting the scope of the case.

(Pet. ¶ 10.a.)

5

On April 16, 2007, this Court directed Respondents to file an answer by May 21, 2007, together with certified copies of all documents relating to Petitioner's claim. In the meantime, on May 2, 2007, Petitioner filed a motion for summary judgment, together with his own declaration. At Respondents' request, this Court extended the time to answer. On June 4, 2007, Respondents filed an Answer seeking dismissal of the Petition as unexhausted and on the merits, together with the declaration of Elizabeth Russo and certified copies of various documents.[4] Respondents argue that Petitioner failed to exhaust his claim because he did not appeal the denial of his administrative remedy to the BOP's Central Office. On the merits, Respondents argue that 18 U.S.C. § 3585(b) does not permit the BOP to give Petitioner credit for the 899 days he was in custody prior to sentencing because that time was credited against his New Jersey sentence.[5] Respondents note that the BOP has limited authority to count custody time prior to commencement of the sentence that was also credited to a state sentence under the rulings <u>Willis v. United States</u>, 438 F.2d 923 (5th Cir. 1971), and <u>Kayfez v. Gasele</u>, 993 F. 2d 1288 (7th Cir. 1993), but maintain that these cases do not apply to Petitioner's case because the difference between the 180-month New Jersey sentence and the 135-month federal sentence is greater than 899 days.

---

[4] Respondents subsequently provided copies of the Petitioner's Informal and Requests for Administrative Remedy and the decision of the warden.

[5] Section 3585 of Title 18 of the United States Code, entitled "Calculation of a term of imprisonment," governs the calculation of prior custody credit by the BOP. It provides: "A defendant shall be given credit toward the service of a term of imprisonment for any time spent in official detention prior to the date the sentence commences- . . . as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." 18 U.S.C. § 3585(b)(2).

Petitioner filed a Reply to the Answer. He asserts in the Reply that Respondents' Answer misunderstood the nature of the relief he is seeking. He asserts:

> The only benefit the petitioner seeks is to finish his federal sentence 898 days earlier, which will allow him to return to state custody with enough time to make pre-release arrangements, that will help him reintegrate back into society after a 13 year absence. The petitioner will have approx. 9 months left on his state term (if he is released without credit on his federal on 11-06-2014 . . .) until his mandatory release from state custody on 8-22-2015. With the credit on his federal sentence he could be released form federal custody at the latest on 11-02-2013 . . . which would leave approx. 22 months left on his incarceration. The difference between the petitioner being in the state's custody for 22 months as opposed to 9 months, make[s] a huge difference. Even though his overall incarceration is the same in both circumstances the difference lies in the amount of time the petitioner will have to make pre-release preparations. The petitioner estimates that he will need at least 18 months to complete the pre-release programs offered by the N.J. Dept. of Corr. . . . If he is denied those credits he will not have enough time (9 months) to complete all of the programs which may have an adverse effect on his reintegration into society. Contrary to the respondent's argument that the petitioner will not receive any benefit, the petitioner will receive some small benefits, even though his overall date of release will not change. These small benefits will not undermine 18 U.S.C. § 3585 or the criminal penalties which were implemented by both judges, since they don't shorten his overall period of incarceration. The petitioner would not waste the court's time over this issue, if he did not perceive that some benefits would result from the application of these credits . . .
>
> In cases where you have two concurrent sentences application of credit towards the shorter term will always be of no benefit. If both terms are credited, the credit which shortens the overall period of incarceration, is the only credit that can be really considered a "effective" credit . . . . The other credit that is applied to the shorter sentence cannot be considered as a double credit under 18 U.S.C. § 3585 because it doesn't reduce the overall period of incarceration . . . . Judge Mathesius, knowing that his state term would overlap the federal term and that the federal term had already been credited, ordered that the time that was already

7

> applied to Mr. Shahid's federal sentence also be applied to his state term, so that both terms would run as one. In the end no harm will come from the application of 898 days to the shorter federal term, because those credits have already been used to shorten his longer sentence.

(Reply, pp. 3-5.)

Petitioner's Reply clarifies that he is not seeking to shorten the duration of his 135-month federal sentence by 899 days, but to serve the final 899 days of his federal sentence in a New Jersey prison.

## II. DISCUSSION

A. Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989). The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng, 490 U.S. at 490-91).

This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because Petitioner challenges the execution of his sentence and he was incarcerated in New Jersey at the time he filed the Petition. See Vega v. United States, 493 F. 3d 310, 313 (3d Cir. 2007) (challenge to BOP's failure to give credit for time served prior to federal sentencing is cognizable under § 2241); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005)

(challenge to BOP's failure to transfer inmate to community corrections center may be brought under § 2241); Barden v. Keohane, 921 F. 2d 476, 478-79 (3d Cir. 1991) (challenge to BOP's refusal to decide whether to designate state prison as place of federal confinement); Gomori v. Arnold, 533 F. 2d 871, 874 (3d Cir. 1976) (challenge to erroneous computation of release date); Soyka v. Alldredge, 481 F. 2d 303 (3d Cir. 1973) (claim for credit for time served prior to federal sentencing).

B.  Administrative Exhaustion

The BOP argues that the Petition should be dismissed without prejudice for failure to exhaust available administrative remedies because Petitioner failed to complete the third step of the BOP's Administrative Remedy Program.  Petitioner contends that exhaustion would be futile, since the warden denied his request based on Program Statement 5880.28, and Petitioner challenges the validity of the Program Statement.

Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, "[o]rdinarily, federal prisoners are required to exhaust their administrative remedies prior to seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241." Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998); see also, e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Moscato v. Federal Bureau of Prisons, 98 F. 3d 757, 760 (3d Cir. 1996); Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981).  The exhaustion doctrine promotes a number of desirable goals including filtering out frivolous claims and developing a full and complete factual record; nevertheless, exhaustion of administrative remedies is not required where exhaustion would not effectuate these goals. See, e.g., Gambino, 134 F.3d at 171; Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988).

9

The BOP's Administrative Remedy Program is a three-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their confinement," except tort claims, inmate accident compensation claims, and Freedom of Information or Privacy Act requests. See 28 C.F.R. §§ 542.10, 542.12(b). To exhaust an administrative remedy, an inmate must initially attempt to informally resolve the issue with staff by submitting a BP-8. See 28 C.F.R. § 542.13(a). If informal resolution fails or is waived, an inmate may submit a BP-9 Request to "the institution staff member designated to receive such Requests (ordinarily a correctional counselor)" within 20 days of the date on which the basis for the Request occurred, or within any extension permitted. See 28 C.F.R. 542.14. The Warden is required to respond within 20 calendar days, but the inmate "may consider the absence of a response" within 20 days or 40 days, if the inmate has been informed in writing of the need for an extension, to be a denial. Id. An inmate who is dissatisfied with the Warden's response to his BP-9 Request may submit a BP-10 Appeal to the Regional Director of the BOP within 20 days of the date the Warden signed the response. See 28 C.F.R. § 542.15(a). The inmate may appeal to the General Counsel on a BP-11 within 30 days of the date the Regional Director signed the response. Id. Appeal to the General Counsel is the final administrative appeal. Id.

In this case, Petitioner filed an Informal Request for Administrative Remedy, a Request for Administrative Remedy, and an appeal to the Regional Director, which were all denied. Petitioner challenged the BOP's recalculation of the sentence and decision to rescind the prior granting of credit for the 899 days served before Petitioner was sentenced, arguing that the BOP had misapplied the governing case law. Respondents maintain that the Petition should be

10

dismissed as unexhausted because Petitioner failed to appeal to the General Counsel, which is the final step in the Administrative Remedy Program.  Petitioner contends that exhaustion to the third level should be excused as futile because the BOP denied relief based on Program Statement 5880.28 and he is challenging the validity of the Program Statement.  See Woodall, 432 F. 3d at 239 n.2 (determining that, where federal inmate challenged not the application of BOP regulations, but their validity, exhaustion was futile); Gambino, 134 F. 3d at 171 ("exhaustion is not required when the petitioner demonstrates that it is futile").

This Court holds that Petitioner failed to exhaust his administrative remedies, but not for the reason that he failed to appeal to the General Counsel.  Petitioner's Reply makes it clear that what he really wants is not credit for pre-sentencing custody, but for the BOP to designate a New Jersey prison as the place of confinement for the final 899 days of his concurrent federal sentence.  The BOP has the authority under 18 U.S.C. § 3621(b) [6] to designate a state institution

---

[6] Section 3621(b) provides:

(b) Place of imprisonment.-- The Bureau of Prisons shall designate the place of the prisoner's imprisonment.  The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability. . . . , that the Bureau determines to be appropriate and suitable, considering--

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the prisoner;
(4) any statement by the court that imposed the sentence [that articulated the purpose behind the sentence or offered a recommendation for placement]
. . .
(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

(continued...)

for service of the final 899 days of Petitioner's federal sentence, given that the New Jersey sentence was ordered to run concurrently to Petitioner's previously imposed federal sentence. See Barden v. Keohane, 921 F. 2d 476 (3d Cir. 1991) (where state court ordered state sentence to run concurrently with previously imposed federal sentence, BOP has discretion under 18 U.S.C. § 3621(b) to designate a state prison as place of federal confinement); Program Statement 5160.05.[7]  The problem here is that Petitioner's Request for Administrative Remedy requested credit for pre-sentence custody pursuant to Program Statement 5880.28, but did not ask the BOP to designate a New Jersey prison as the place of confinement for the final 899 days of his concurrent federal sentence, pursuant to 18 U.S.C. § 3621(b), Barden v. Keohane and Program Statement 5160.05.  As the Court of Appeals explained in Barden v. Keohane,

> As can be seen, the problem with this case is the common one of correctly framing the issue.  Unfortunately, neither the pro se claimant nor the [warden] have provided much help in this task.  Like ships that pass unseeing in the night, the parties sail past each other's contentions.  Their briefs show no disagreement on any particular point except the result. [Warden] Keohane is correct in his assertion that the federal sentence, as it now stands, cannot be made to run concurrently with the state sentence . . . .  What Keohane does not recognize is that [Petitioner]'s state incarceration can be credited against his federal sentence if the Bureau . . . designates [the state prison] as the facility where [Petitioner will] serve[] a portion of his federal sentence.

---

[6](...continued)
18 U.S.C. § 3621(b).

[7] Program Statement 5160.05 is entitled "Designation of State Institution for Service of Federal Sentence."  The purpose is "[t]o provide instructions for the designation of a state institution for concurrent service of a federal sentence."  Program Statement 5160.05, ¶ 1 (Jan. 16, 2003).  The Program Statement provides that an inmate may request the designation of a state prison as the place of confinement of a concurrent state and federal sentence, id. at pp. 5-6, and authorizes the BOP to transfer a federal inmate "from a federal to a non-federal institution for concurrent service of a federal and state sentence," id. at p. 7.

Barden, 921 F.2d at 480 (citations and footnote omitted).

Because Petitioner did not file an administrative remedy asking the BOP to designate a New Jersey prison as the place of federal confinement for the final 899 days of his concurrent federal sentence, he did not exhaust his claim for habeas relief.  This Court will dismiss the Petition without prejudice for failure to exhaust administrative remedies available under Program Statement 5160.05.[8]  The dismissal is without prejudice to the filing of a new petition (in the district court having personal jurisdiction over the respondent) in the event that the BOP ultimately declines to exercise its discretion in accordance with Petitioner's request.  See Barden, 921 F. 2d at 478 (once BOP grants or denies request to designate state facility as place of federal incarceration, further court review of the BOP's action will be limited to abuse of discretion).

### III.  CONCLUSION

For the reasons set forth above, the Court dismisses the Petition for a Writ of Habeas Corpus without prejudice for failure to exhaust administrative remedies available in the Bureau of Prisons and denies Petitioner's motion for summary judgment.

      s/Robert B. Kugler
      **ROBERT B. KUGLER, U.S.D.J.**

Dated:     December 21    , 2007

---

[8] This Court will also deny Petitioner's motion for summary judgment as moot.